IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff<br><br>vs.<br><br>LINE 5, LLC and HEADSTART WARRANTY GROUP LLC<br><br>   Defendants. | Case No. 2:25-cv-00288-PLD |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, counsel for the parties submit the following joint report of their meeting for the court's consideration:

1. **Identification of Counsel and Unrepresented Parties**

    a. Plaintiff Stewart Abramson ("Plaintiff")

    Andrew Roman Perrong
    Perrong Law LLC
    2657 Mount Carmel Avenue
    Glenside, Pennsylvania 19038
    Phone: 215-225-5529
    a@perronglaw.com

    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    [o] (617) 485-0018
    Hingham, MA 02043
    anthony@paronichlaw.com

    b. Defendant Line 5, LLC

1

      Brit J. Suttell
      Barron & Newburger, P.C.
      6100 219th St. SW, Suite 480
      Mountlake Terrace, WA   98043
      Phone:   484.999.232
      britjsuttell@bn-lawyers.com

   c.  <u>Defendant Headstart Warranty Group ("HWG")</u>

      Andrew M. Schwartz,
      935 E. Lancaster Ave., #1003
      Downingtown, PA 19335
      ☎ : (320) 434-9664
      🖷 : (312) 334-3474
      ✉ : aschwartz@messerstrickler.com

      Barry S. Guaglardi
      Admitted Pro Hac Vice
      Guaglardi & Meliti, LLP
      365 West Passaic Street, Suite 130
      Rochelle Park, New Jersey 07662
      Tel: (201) 947-4100
      Fax: (201) 947-1010
      www.adgmlaw.com

**2. General Nature of the Case**

*Plaintiff's Position*: Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted to regulate telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that telemarketing calls were made by and for the benefit of Line 5, LLC and Headstart Warranty Group LLC ("Defendants"). Defendants benefitted from unsolicited telemarketing calls, including robocalls and other telemarketing calls made to residential telephone numbers that are listed on the National Do Not Call Registry. Because telemarketing calls typically use technology

capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls. It is expressly denied that HWG's calls using AIM AI d/b/a Safeguard My Car were made in compliance with any law, as the Plaintiff did not consent and the calls were highly illegal prerecorded robocalls. Indeed, AIM's own marketing materials show that AIM's use of an Artificial Intelligence voice to send prerecorded calls is a selling point of the service. Moreover, the Plaintiff assers a direct liability case against Line 5, as it is Line 5 that placed some of the calls at issue directly to the Plaintiff.

*Defendants' Position*:

HWG – Plaintiff asserts claims under the TCPA against HWG. At the outset, HWG contends that Plaintiff cannot maintain a class claim because of the earlier-filed class action, *Joseph Friel, et al., v. HWG, et al.*, in the United States District Court for the Middle District of Pennsylvania, Case 3:24-cv-01866-JKM, involving the same class members and overlapping class allegations. Because HWG did not engage in telemarketing, HWG secured the marketing services and expertise of AIM AI, LLC, to place compliant telemarketing calls for a sample of telephone numbers (including Friel and Abramson's telephone numbers). The results of this test were unremarkable, and HWG ceased using AIM AI, LLC for telemarketing experiments. Line 5 was not involved in the outgoing calls placed by AIM and had no control over the content or manner in which these calls were placed.   HWG does not believe a nationwide class is viable or that Abramson can advance a class claim against HWG that is not otherwise subsumed by the *Friel* matter.   HWG contends that this action should be dismissed or withdrawn in light of the *Friel* litigation.

Line 5: Defendant Line 5, LLC ("Line 5") denies that it made, authorized, supervised, or had any control over any alleged telemarketing calls.   Line 5 does not make any telemarketing

calls nor did Line 5 authorize any telemarketing calls to be made on its behalf or for its benefit by Defendant Headstart Warranty Group LLC. Line 5 did not authorize any calls to be made on its behalf or for its benefit by unnamed third-party AIM AI, LLC; nor did Line 5 authorize, permits or ratify any actions by Headstart to employ the use of the unnamed third party AIM AI, LLC. Line 5 further denies that it received any "STOP" or request to cease sending previously consented-to text messages from Plaintiff after Plaintiff signed the financing agreement for his warranty. Line 5 also contends that a nationwide class is not viable or that Plaintiff can advance class claims against Line 5 either as to the alleged unauthorized telemarketing calls or unauthorized text messages.

3. **Date of Rule 26(f) Conference**

The Rule 26(f) conference was held on June 3, 2025, and was attended by Anthony Paronich for the Plaintiff, Andrew M. Schwartz and Barry Guaglardi for Defendant HWG and Brit Suttell for Defendant Line 5.

4. **Date of Rule 16 Conference Scheduled by the Court**

The Court has scheduled the Rule 16 conference to be held on June 20, 2025.

5. **Anticipated Rule 12 Motions:** Defendants intend to file a Fed. R. Civ. P. 12(b)(1) motion to dismiss in light of the first-filed *Friel* class action.

6. **Designation of ADR Process:**

   **Plaintiff:** Mediation

   **Defendant:** Mediation

7. **Rule 26 Disclosures**

   June 20, 2025

8. **Subjects of Discovery**

4

A. *Plaintiff's Proposed Subjects of Discovery*

Plaintiff seeks discovery on the following subjects: (1) Defendants' and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendants' policies and procedures regarding compliance with the TCPA; (4) Defendants' affirmative defenses, such as any consent to make the calls at issue; (5) Defendants' negligence or willfulness regarding any TCPA violations; (6) Defendants' document retention policies; (7) identification of witnesses; and (8) Defendants' relationship with any third parties that may have relevant information surrounding this matter.

B. *Defendants' Proposed Subjects of Discovery*

Defendants intend to seek discovery as to (1) Plaintiff's various other TCPA claims and remuneration, (2) tangible harms and damages, (3) Plaintiff's interactions with HWG and Line 5, (4) Plaintiff's witnesses and (5) facts supporting Plaintiff's claims against HWG and Line 5, (5) Plaintiff's text messages regarding Plaintiff's alleged request for text messages to stop.

**9. Suggested Dates**

| Event | Parties' Proposal |
|---|---|
| **Additional Parties** | September 19, 2025 |
| **Pleadings Amended** | September 19, 2025 |
| **Submit Plaintiff's Expert Report(s)** | December 18, 2025 |
| **Submit Defendants' Expert Report(s)** | January 15, 2026 |

| Fact Discovery Completed | March 6, 2026 |
| --- | --- |
| File Motion to Certify Class | March 13, 2026 |
| Post-Discovery Status Conference | TBD by the Court |

**10. Changes to Limitations in Discovery**

None.

**11. Electronic Discovery**

The parties expect much discovery will be in electronic form, but the parties do not believe an ESI special master is needed at this time. The parties will work together to develop an ESI discovery plan.

**12. Post-Discovery Status Conference**

The parties are requesting a post-discovery status conference.

**13. Rule 16 or 26 Orders**

The Defendant will submit a proposed Confidentiality/Protective Order regarding treatment of documents produced in discovery by June 19, 2025.

**14. Special Master**

The parties are not requesting the appointment of a special master relating to any issues at this time.

**15. Disagreements between the Parties in this Report.**

The only disagreements between the parties are as indicated above.

Dated: June 12, 2025				PLAINTIFF,
						By his attorneys

						*/s/ Anthony I. Paronich*
						Anthony I. Paronich
						Paronich Law, P.C.
						350 Lincoln Street, Suite 2400
						Hingham, MA 02043
						(617) 485-0018
						anthony@paronichlaw.com

						*/s/ Andrew M. Schwartz*
						Andrew M. Schwartz
						Messer Strickler Burnette, Ltd.
						935 E. Lancaster Ave., #1003
						Downingtown, PA 19335
						☎ : (320) 434-9664
						📠 : (312) 334-3474
						✉ : aschwartz@messerstrickler.com

						Barry S. Guaglardi
						Admitted Pro Hac Vice
						Guaglardi & Meliti, LLP
						365 West Passaic Street, Suite 130
						Rochelle Park, New Jersey 07662
						Tel: (201) 947-4100
						Fax: (201) 947-1010
						www.adgmlaw.com

						*Counsel for Defendant*
						*Headstart Warranty Group, LLC*


						/s/   Brit J. Suttell
						Brit J. Suttell
						Barron & Newburger, P.C.
						6100 219th St. SW, Suite 480
						Mountlake Terrace, WA   98043
						P: 484.999.4232
						britjsuttell@bn-lawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed through the Court's CM/ECF system, giving notice to all parties of record.

/s/ *Anthony I. Paronich*
Anthony Paronich