IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON *individually and on behalf of a class of all persons and entities similarly situated*,<br><br>           Plaintiff,<br><br>  v.<br><br>LINE 5, LLC, et al.,<br><br>           Defendants. | Civil Action No. 2:25-288<br><br>Magistrate Judge Dodge |

## CASE MANAGEMENT ORDER

AND NOW, this 20th day of June, 2025, it is ORDERED that this action is placed under Local Rule 16.1 of this Court for pretrial proceedings and all provisions of the Rule will be strictly enforced.

Compliance with provisions of Rule 16.1 shall be completed as follows:

1. Plaintiff and Defendants will make the disclosures required by Federal Rule of Civil Procedure 26(a)(1) by June 23, 2025.

2. The parties shall file a Supplemental ADR Stipulation by July 7, 2025. It shall include the date of the mediation, the identity of all party representatives who will be attending and the allocation of ADR costs.

3. Any defendant who intends to file a motion to dismiss shall do so by July 7, 2025.

4. In the event that the parties wish to stipulate to the transfer or dismissal of any of the claims in this action, they shall do so by July 7, 2025.

5. The parties shall move to amend the pleadings or add new parties by September 19, 2025.

6. Plaintiff's expert report(s) shall be submitted by December 18, 2025.

7. Defendants' expert reports shall be submitted by January 15, 2026.

8. The parties shall complete fact discovery by March 6, 2026. All interrogatories, depositions, requests for admission, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

9. Any request for an extension of the fact discovery deadline must be made by motion no later than February 20, 2026 and shall include a summary of the discovery completed to date and identify all discovery that remains outstanding.

10. In the event that a discovery dispute cannot be resolved after the parties meet and confer, the parties may jointly contact the Court's Chambers by telephone and provide a brief description of the nature of the dispute. The Court will then schedule a telephone conference to address the dispute. Alternatively, the parties may proceed by written motion if they determine it is necessary based upon the nature of the dispute.

11. The court will conduct a post-discovery status conference by telephone on March 9, 2026 at 1:00 p.m. Deadlines for Plaintiff's motion to certify class and Defendants' response to the motion will be established during this conference.

.

BY THE COURT:

/s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE